UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.            CRIMINAL NO:. 99-295 (DRD)
                 DEFENDANT NO. 002

VICTOR MANUEL VILLEGA-ANGULO,
Defendant.

## DEFENDANT VILLEGA-ANGULO'S
## MOTION FOR APPOINTMENT OF COUNSEL

Defendant Victor Manuel Villega-Angulo respectfully moves that this court appoint undersigned counsel pursuant to the Criminal Justice Act to represent him before this court. Undersigned counsel represented Mr. Villega-Angulo in his direct appeal to the First Circuit. In a judgment entered on May 19, 2005, in No. 03-1649, the First Circuit ordered as follows: The judgment of the district court is affirmed in part, vacated in part, and remanded for further proceedings consistent with the opinion issued this day.

In the brief on direct appeal, undersigned counsel raised an issue concerning ineffectiveness of trial counsel. Undersigned counsel is fully aware that the typical practice is to raise ineffective assistance claims in a motion pusuant to 28 U.S.C. § 2255, rather than on direct appeal. However, counsel believed it would be useful to raise the issue on direct appeal in any event and she asserted that the matter could be remanded to the district court for an evidentiary hearing, if necessary. In other words, the need for an evidentiary hearing, by itself, does not require that a matter be raised on collateral review, rather than on direct appeal (with a possible remand).

The First Circuit noted this argument and stated that "we reject Villega's ineffective assistance of counsel claim, without prejudice to his right, if he so elects, to assert that claim by means of a timely application for post-conviction relief under 28

1

U.S.C. § 2255." United States v. Vega Molina, et al., Nos. 03-1625, 03-1649, 03-1650, 03-1947 (1st Cir. May 19, 2005)(slip op., at 39).

One of the concerns raised by undersigned counsel about raising ineffective assistance claims on collateral review is that the defendant would not necessarily have the benefit of counsel and would have to appear *pro se*. It is the recollection of counsel that Judge Selya noted at oral argument that the court [Judge Selya may have been referring to the court of appeals rather than the district court] could appoint counsel in a collateral matter. The implication of Judge Selya's comment apparently is that the lack of counsel on collateral review would not necessarily be determinative in permitting an ineffectiveness claim to proceed on direct appeal, because counsel could also be appointed on collateral review.

It is the understanding of undersigned counsel that the practice of this court is to appoint local counsel after a remand from appeal. Undersigned counsel respectfully submits that she is not local counsel, but represented Mr. Villega-Angulo on appeal. If there would be a procedure by which undersigned counsel could work with local counsel, that procedure might permit undersigned counsel to assist in the representation of Mr. Villega-Angulo. However, undersigned counsel will follow any procedures that this court may suggest. One purpose of this motion is to present to this court the request that Mr. Villega-Angulo have appointed counsel before this court, rather than representing himself.

For the foregoing reasons, Mr. Villega-Angulo respectfully requests that undersigned counsel be appointed to represent him.

Respectfully submitted,

Elaine Mittleman, Esq.
2040 Arch Drive
Falls Church, VA 22043
(703) 734-0482

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Motion for Appointment of Counsel has been served by first-class mail, postage prepaid, this 9th day of July, 2005, to German A. Rieckehoff, Assistant United States Attorney, U.S. Attorney's Office, Torre Chardon, 350 Carlos Chardon Street, Suite 1201, San Juan, PR 00918.

_____
Elaine Mittleman